(Not for Publication in West's Federal Reporter

Citation Limited Pursuant to 1st Cir. Loc. R. 32.3)

# United States Court of Appeals
## For the First Circuit

No. 01-1609

RAUL DE-JESUS,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté,  U.S. District Judge]

---

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Rafael Colon Flores and Colon Flores Law Firm on brief for appellant.
Robert J. Triba, Regional Chief Counsel, Social Security Administration, Camille Velez-Rive, Assistant United States Attorney, and H.S. Garcia, United States Attorney, on brief for appellee.

---

April 28, 2003

---

**Per Curiam**.    Raul De Jesus appeals from the district court's determination that the decision of the Commissioner of Social Security to deny  his request for Social Security disability benefits was supported by substantial evidence.  We have reviewed the record, the issues the parties raised in their briefs, and the applicable law, and we discern no reversible error.

The district court did not err in its determination that the Commissioner's disability decision -- that De Jesus was not disabled under the Social Security Act for the insured period because he retained the residual functional capacity to perform the full range of jobs in the medium exertional range -- was supported by substantial evidence and was the result of the proper application of the correct legal standards.  See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001).  The submitted medical evidence did not establish that De Jesus was disabled within the meaning of the Act during the covered period.  Specifically,  the Commissioner did not err in the determination that, although  De Jesus was not capable of returning to his past work as a stock clerk, the Medical-Vocational Grids identified other jobs in the national economy which De Jesus could perform.  Concerning De Jesus's request that he be allowed to introduce new evidence not submitted before the ALJ, we note that De Jesus has at no point even produced the medical records on which he seeks a reevaluation of his disability claim.  There is thus no reason to remand the

case for consideration of "evidence" which does not exist in the record.  The district court's judgment is <u>AFFIRMED</u>.